NO. 18-2854

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF:
IN RE: MICHAEL K. PEARSON
Appellant/Creditor

v.

SHARMIL D. McKEE
Appellee/Debtor

On Appeal from the Order of the United States Bankruptcy Court
for the Eastern District of Pennsylvania

United States Bankruptcy Court Judge Jean K. FitzSimon
Case No. 17-10941-JKF

BRIEF OF APPELLANT

LAW OFFICE OF KARIN M. GUNTER

Karin M. Gunter, Esquire
85 Old Cedarbrook Road
Wyncote, PA 19095
(215) 548-9992

Dated: August 31, 2018            Counsel for Appellant, Michael K. Pearson

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………..……….. iii

STATEMENT OF JURISDICTION ……………..……………………..……. 1

ORDER IN QUESTION …………………………………………………….. 1

STATEMENT OF SCOPE AND STANDARD OF REVIEW …………..…… 1

STATEMENT OF THE ISSUES PRESENTED ……………………..……... 1

STATEMENT OF THE CASE ...……………………………………………. 2

SUMMARY OF ARGUMENT ……………………………………………… 4

ARGUMENT ………………………………………………………………. 4

    I.    THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION, WHEN IT GRANTED APPELLEE/DEBTOR'S MOTION FOR CONTEMPT OF DISCHARGE ORDER WHERE APPELLEE FAILED TO PROVE APPELLANT, A CHILD SUPPORT CREDITOR, HAD A DUTY AND A RIGHT TO TELL PHILADLEPHIA FAMILY COURT NOT TO REDUCE CHILD SUPPORT PAYMENTS ………………………………………….,……… 4

    II.    THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION, WHEN IT GRANTED APPELLEE/DEBTOR'S MOTION FOR CONTEMPT OF DISCHARGE ORDER WHERE APPELLANT IS A CHILD SUPPORT CREDITOR, AND THE DISCHARGED DEBT RELATES TO AN ONGOING CHILD SUPPORT MATTER AND NOT TO A JUDGMENT APPELLANT IS SEEKING TO ENFORCE ……………………………… 6

    III.    THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION, WHEN IT FAILED TO RULE ON THE SUBSTANCE OF APPELLEE/DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR CONTEMPT BUT RATHER GRANTED THE MOTION BASED SOLELY ON APPELLANT'S FAILURE TO FILE A RESPONSIVE MEMORANDUM AND HIS RETENTION OF COUNSEL 5 DAYS BEFORE THE SCHEDULED HEARING ……………………...………………. 9

IV.     THE LOWER COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ALLOW APPELLANT TO ARGUE THE SUBSTANTIVE MATTERS OF APPELLEE'S MOTION FOR CONTEMPT OF DISCHARGE ORDER AT THE JUNE 19, 2018 HEARING AND WHEN IT PREVIOUSLY DENIED IN SUBSTANCE APPELLEE'S MOTION FOR CONTEMPT AGAINST APPELLANT WITHOUT PREJUDICE TO [HER] MAKING SOME SUBSEQUENT LEGAL ARGUMENT ..………………………………….. 10

CONCLUSION …..……………..……………………………………………............  12

# TABLE OF AUTHORITIES

## UNITED STATES COURT OF APPEALS CASES

In re Myers, 491 F.3d 123 (3d Cir. 2007) .................................................... 6, 8

## UNITED STATES DISTRICT COURT CASES

In re Shervin, 200 B.R. 109 (E.D.Pa. 1996) ..................................................... 1

## UNITED STATES BANKRUPTCY COURT CASES

In re Szenes, 515 B.R. 1 (Bankr. E.D. N.Y. 2014) ................................................ 6, 9

In re Taylor, 478 B.R. 419 (B.A.P. 10th Cir. 2012) ............................................ 6, 8, 9

## UNITED STATES CODE

11 U.S.C. §523(a)(5) ................................................................... 7, 8, 9

11 U.S.C. §524 ......................................................................... 6, 10

11 U.S.C. §524(a) ........................................................................... 6

11 U.S.C. §727(b) ........................................................................... 6

11 U.S.C. §8001(a) .......................................................................... 1

28 U.S.C. §158(a) ........................................................................... 1

28 U.S.C. §1334(a) .......................................................................... 1

28 U.S.C. §1334(b) .......................................................................... 1

28 U.S.C. §1408 ............................................................................. 1

28 U.S.C. §1409 ............................................................................. 1

## PENNSYLVANIA CONSOLIDATED STATUTES

23 Pa.C.S. §4352 ..................................................................... 7-8, 9

**PENNSYLVANIA RULES OF CIVIL PROCEDURES**

Pa.R.C.P. 1910.19(g) ..……………………………………………………………….…   7

Pa.R.C.R. 1910.19(g)(1) ……………………………………………………………… 7-8, 9

Pa.R.C.P. 1910.19(g)(2) ………………………………………………………………..   9

## STATEMENT OF JURISDICTION

This is an appeal of a final order from the U.S. Bankruptcy Court of the Eastern District of Pennsylvania. Jurisdiction is found is 28 U.S.C. §§ 158(a); 1334(a), (b) and 11 U.S.C. § 8001(a). Venue is proper under 28 U.S.C. §§ 1408, 1409.

## ORDER IN QUESTION

The Order appealed from was entered by the U.S. Bankruptcy Court for the Eastern District of Pennsylvania (FitzSimon, J) on June 19, 2018 granting Appellee/Debtor Sharmil D. McKee's Motion for Contempt of a Discharge Order against Appellant/Creditor Michael K. Pearson. The final contempt Order is appended hereto.

## STATEMENT OF THE SCOPE AND THE STANDARD OF REVIEW

The standard of review is clearly erroneous, and the scope of review is plenary. In re Shervin, 200 B.R. 109, 111 (E.D. Pa. 1996)(citation omitted).

## STATEMENT OF THE ISSUES PRESENTED

1. Whether the Lower Court clearly erred as a matter of law, when it granted Appellee's ("Debtor" or "McKee") motion for contempt of charge order where Appellee failed to prove Appellant ("Creditor" or "Pearson"), a child support creditor, had a duty and a right to tell Philadelphia Family Court not to reduce child support payments. [Suggested Answer: Yes] LOWER COURT DID NOT PUBLISH AN OPINION NOR GIVE LEGAL BASIS FOR ITS ORDER

2. Whether the Lower Court clearly erred as a matter of law, when it granted Appellee/Debtor's motion for contempt of discharge order where Appellant is a child support creditor, and the discharged debt relates to an ongoing child support matter ant not to a judgment Appellant is seeking to enforce. [Suggested answer: Yes] LOWER

1

COURT DID NOT PUBLISH AN OPINION NOR GIVE LEGAL BASIS FOR ITS ORDER

3. Whether the Lower Court clearly erred as a matter of law, when it failed to rule on the substance of Appellee/Debtor's memorandum of law in support of her motion for contempt but rather granted the motion based solely on Appellant's failure to file a responsive memorandum and on his retention of counsel 5 days before the scheduled hearing on the memoranda. [Suggested Answer: Yes] LOWER COURT DID NOT PUBLISH AN OPINION NOR GIVE LEGAL BASIS FOR ITS ORDER

4. Whether the Lower Court clearly erred as a matter of law, when it failed to allow Appellant to argue the substantive matters of Appellee's motion for contempt of discharge order at the June 19, 2018 hearing where it previously denied in substance Appellee's motion for contempt against Appellant without prejudice to [her] making some subsequent legal argument. [Suggested Answer: Yes] LOWER COURT DID NOT PUBLISH AN OPINION NOR GIVE LEGAL BASIS FOR ITS ORDER

## STATEMENT OF THE CASE

I.  Statement of Form

This matter represents an appeal of a final order, dated June 19, 2018, from the U.S. Bankruptcy Court for the Eastern District of Pennsylvania ("Lower Court") finding Appellant, a child support creditor, in contempt of a discharge order.

Procedural History and Prior Determinations

On February 9, 2017, Appellee initiated an action for a voluntary petition under Chapter 7 of the bankruptcy code. Subsequently, she filed various schedules including, but not limited to, a Schedule E – Creditors who have Unsecured Claims on February 24, 2017, *inter alia*. The

2

trustee held an initial 341(a) creditors meeting on April 5, 2017, which was continued to May 18, 2017, when it concluded. Thereafter, on June 8, 2017, the trial court entered an order discharging the debtor; followed by an order on July 7, 2017 approving the trustee's report, discharging the trustee and closing the case.

On September 22, 2017, Appellee filed a motion to reopen the bankruptcy case ("Reopen Motion") in order to file a motion for contempt of discharge order against Appellant, Philadelphia Family Court and another individually named defendant. On October 11, 2017, Philadelphia Family Court and Appellee entered settlement by stipulation, which became an order of court on October 31, 2017.[1] Upon information and belief, the trial court held a hearing on November 8, 2017 in the matter, which was continued to December 6, 2017, at which time the trial court granted the reopen motion, *inter alia.*

For nearly four months there was no activity in the case until April 4, 2018, when the trial court scheduled a hearing on Appellee's contempt motion for April 19, 2018. At that time, Appellant remained as the sole defendant. At the April 19, 2018 hearing, the trial court established a briefing schedule for the parties, and relisted the hearing for June 19, 2018. Appellee/Debtor's brief was due on May 18, 2018 and Appellant/Creditor's brief on June 1, 2018. At the June 19, 2018 listing, the trial court failed to hold an evidentiary hearing, failed to make a ruling or publish an opinion, and entered a contempt order against Appellant.

II.     Name of Judge Whose Determination to be Reviewed

       The Honorable Jean K. FitzSimon

III.    Brief Statement of Order under Review

---

[1] The October 2017 stipulation between Appellee/Debtor and Philadelphia Family Court resulted in Appellant's child support overpayment in the amount of $36,507.25 to be set equal to $0.00.

3

The June 19, 2018 order[2] of the lower court finding Appellant in contempt of a Chapter 7 order discharging Appellee of domestic support obligations (overpayment of child support).

## SUMMARY OF ARGUMENT

The lower court clearly erred as a matter of law and abused its discretion with regards to its order of June 19, 2018 when it found Appellant, a child support creditor, in contempt of a discharge order by default; failed to rule as to whether Appellant has a duty and a right to tell Philadelphia Family Court not to reduce child support based on the substantial overpayment of child support to Appellee; failed to take into consideration the ongoing nature of the child support matter between the parties; failed to allow Appellant to make substantive arguments at the June 19, 2018 hearing; and failed to rule or publish an opinion on the substance of Appellee/Debtor's legal arguments raised in her contempt pleading and brief, *inter alia*.

## ARGUMENT

I. THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION, WHEN IT GRANTED APPELLEE/DEBTOR'S MOTION FOR CONTEMPT OF DISCHARGE ORDER WHERE APPELLEE FAILED TO PROVE APPELLANT, A CHILD SUPPORT CREDITOR, HAD A DUTY AND A RIGHT TO TELL PHILADLEPHIA FAMILY COURT NOT TO REDUCE CHILD SUPPORT PAYMENTS.

Appellee broadly and erroneously averred Appellant as a bankruptcy court creditor has an affirmative duty to stop an alleged joint effort with Philadelphia Family Court to collect the discharged child support overpayment. (Apr. 19, 2018 Tr. at 4-5) The trial court then cited two fatal flaws in Appellee's motion for contempt of discharge order against Appellant ("Motion"). (*Id.* at 5) First, Appellee failed to plead facts stating there was a joint effort between Appellant and Philadelphia Family Court. (*Id.*) And

---

[2] The June 19, 2018 order at issue incorrectly identifies the underlying bankruptcy action as Case No. 17-10941-sr. The correct case number is 17-10941-jkf.

4

second, Appellee failed to plead facts sufficient to show that Appellant took any action regarding the alleged contempt. (*Id.*)

More specifically, the trial court stated Appellee made no allegations that Appellant "had authority to tell the Family Court how to enforce their own orders," noting "[t]hey [Family Court] were the ones that determined that there was an overpayment and they, therefore, changed the order to the debtor." (Apr. 19, 2018 at 6, 8) The trial court then concluded for the purposes of holding Appellant in contempt, Appellee needed show Appellant's affirmative actions and obligations related to the alleged contempt. (*Id.* at 8-9, 10-12) Or, more plainly, the trial court stated "[t]he question becomes, is there a duty and a right to tell the Court *not* to reduce the payments". (*Id.* at 12)(emphasis added) Appellee failed to produce any such evidence in her supportive memorandum of law ("Memorandum"), as explained more fully below.

However, what Appellee attempted to do in her memorandum, for the first time and in an effort to overcome the flaws noted by the trial court, was to make bald allegation against Appellant, which contradicted her motion allegations. Specifically, in her motion, Appellee states Philadelphia Family Court "determined that Pearson overpaid his child support obligation by $36,507.25" and in July 2017 the court "served [her] a notice of its intent to collect the $36,507.25 liability on Pearson's behalf by reducing Pearson's obligation by twenty (20%) percent." (Mot. ¶ 4, 12) Appellee never averred Appellant initiated the process for use of overpayments to reduce his ongoing child support obligations in her motion or before the trial court on April 19, 2018. But, in her May 19, 2018 memorandum, Appellee singularly states ". . . Creditor Pearson instructed the Family Court to collect his support overpayment." (Mem. at 2) Such bald allegation

5

is without credibility or support of any evidence provided to the trial court. Nor does it address the issue contemplated by the trial court of whether Appellant had a duty and a right to tell Philadelphia Family Court *not* to reduce his child support payments. Without an opinion or ruling by the trial court on the substance of the contempt motion, it is unclear how much weight the lower court gave this allegation.

    II.    THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION, WHEN IT GRANTED APPELLEE/DEBTOR'S MOTION FOR CONTEMPT OF DISCHARGE ORDER WHERE APPELLANT IS A CHILD SUPPORT CREDITOR, AND THE DISCHARGED DEBT RELATES TO AN ONGOING CHILD SUPPORT MATTER AND NOT TO A JUDGMENT APPELLANT IS SEEKING TO ENFORCE.

Appellee in her motion relies on 11 U.S.C. § 524(a)[3] and the holdings of In re Taylor, 478 B.R. 419 (B.A.P. 10th Cir. 2012) to allege Appellant "intentionally and willfully collect[ed] a discharged debt while knowledgeable of the discharge order." (Mot. ¶ 27) Further, in her memorandum, Appellee relies on In re Myers, 491 F.3d 123 (3d Cir. 2007) for finding Appellant in contempt of the bankruptcy discharge order. (Mem. at 3-9) Appellee's reliance on 11 U.S.C. § 524(a), Taylor and Myers are misplaced.

By admission, Appellee states she and Appellant are the parents of a minor child. (Mot. ¶ 2) and that Appellant pays child support for their minor child. (*Id.*) Appellee further admits the Court of Common Pleas, Philadelphia County, Family Court Division, Domestic Relations Section[4] ("Philadelphia Family Court") collects child support from Appellant, remits

---

[3] In her motion for contempt, McKee alleges Pearson violated 11 U.S.C. § 727(b). However, bankruptcy law is clear that the application law at issue in this matter is 11 U.S.C. § 524(a). See In re Szenes, 515 B.R. 1, 4 (Bankr. E.D.N.Y. 2014)(holding ". . . the granting of the discharge triggered. . . (2) the operation of the discharge injunction under section 524, which protects the debtors from any personal liability on the discharged debts. 11 U.S.C. § 524(a)")

[4] In her motion for contempt, McKee simply identifies the court as Family Court of Philadelphia. *See* Mot. ¶¶ 3, 4. Appellant herein more accurately identifies the proper court entity at issue.

6

the payments to Appellee and enforces the child support order. (*Id.* ¶ 3). Finally, Appellee admits Appellant has an overpayment in the amount of $36,507.25 in child support as determined by Philadelphia Family Court. (*Id.* ¶ 4)

On or about February 9, 2017, when Appellee filed her Chapter 7 voluntary bankruptcy petition, she knew Appellant "overpaid his child support obligation by $36,507.25." (Mot. ¶¶ 4-6) Appellee filed a Scheduled E, *as amended,* listing Appellant and Philadelphia Family Court as creditors for the same $36,507.25 child support overpayment, which Appellee labelled as a "liability." (*Id.* ¶¶ 6-7) Appellee's labelling the overpayment of child support by Appellant as a liability is a misrepresentation to the bankruptcy court and an effort to circumvent state and federal law, which allow for the exemption of child support obligations from bankruptcy discharge under 11 U.S.C. § 523(a)(5) and for the reduction of ongoing child support payments to recapture overpayments by obligors.

Specifically, Appellant avers pursuant to Pennsylvania Rules of Civil Procedure, Philadelphia Family Court is permitted to reduce an ongoing child support order by 20%, when there are overpayments and an ongoing child support order, *inter alia.* Pa.R.C.P. 1910.19(g)[5]. (*See also* Mot. ¶ 12 (admitting Philadelphia Family Court initiated overpayment recapture proceeding)) Appellee is aware of this provision as she is a former family law attorney and her current attorney in this bankruptcy matter is also her family law attorney in the child support matter. (*See* McKee Ch. 7 Pet. at 2, 4; Apr. 19, 2018 Tr. at 13-14) Furthermore, 23 Pa.C.S. §

---

[5] More precisely, Pa.R.C.P. 1910.19(g)(1) states in part, "If there is an overpayment in an amount in excess of two months of the monthly support obligation and a charging order remains in effect, after notice to the parties as set forth below, the domestic relations section *shall* reduce the charging order by 20% or an amount sufficient to retire the overpayment by the time the charging order is terminated." (emphasis added)

7

4352 generally gives Philadelphia Family Court continuing jurisdiction over support orders to modify them to recapture overpayments by obligors.

Appellant's child support obligations, i.e., charging order, are ongoing and remains in effect. (Apr. 19, 2018 Tr. at 10, 12-14)  In fact, Appellee currently seeks a modification of Appellant's current child support order to "adjust child support payments" upward at a scheduled Philadelphia Family Court hearing scheduled for May 1, 2018. (*Id.*)  By making such request while simultaneously denying Appellant access to his overpayments related to the same charging order, Appellee seeks to be unduly enriched and to unduly harm Appellant via her intentional misrepresentation of Appellant's overpayments as "liabilities" subject to bankruptcy discharge.

Moreover, reliance on Taylor and Myers further highlights Appellee's improper intent.  Myers involves a non-child support creditor seeking to enforce a money judgment entered in a foreign state court and a subsequent Chapter 13 bankruptcy action filing initiated by a debtor.  Myers, 491 F.3d at 122, 123.  The instant matter involves the overpayment of child support by a parent, who is not seeking to enforce a money judgment, but for whom a court of competent jurisdiction sought to modify his child support charging order to recapture overpayments by operation of law.  Thus, the Myers facts are significantly distinguishable from the instant action to render Myers completely irrelevant.

Finally, Appellee does not fare any better with her use of Taylor.  Taylor involves a creditor/former spouse seeking to enforce a money judgment for overpayment of spousal support determined to have incurred "in connection with a divorce decree."  478 B.R. at 422.  The Taylor court specifically found that such a money judgment was not a domestic support obligation subject to exemption from discharge pursuant to 11 U.S.C. § 523(a)(5) in debtor/former spouse's subsequent Chapter 7 bankruptcy action, since the money judgment at issue was not support

based on the "the parties' intent and the substance of the obligation." Taylor, 478 B.R. at 426 (citations omitted). In that case, the overpayment of spousal support became a money judgment after the creditor/former spouse filed a petition to terminate spousal support. (*Id.*) The court determined the overpayment *judgment* was not intended to support the creditor/former spouse, thus, it is not excepted under section 523(a)(5) of the bankruptcy statute. (*Id.*)(emphasis added)

Unlike the facts in Taylor, the facts in the case *sub judice* involve recapture of overpayment of support in an ongoing child support matter. Pennsylvania law provides for recapture of such amounts by the court of competent jurisdiction under Pa.R.C.P. 1910.19(g)(1) and 23 Pa.C.S.A. §4352 generally. The facts relied upon by Appellee in Taylor are more closely related to Pa.R.C.P. 1910.19(g)(2), where there is an overpayment of child support at the time the child support order is terminated. This later procedure is not implicated in the instant matter.

III. THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO RULE ON THE SUBSTANCE OF APPELLEE/DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR CONTEMPT BUT RATHER GRANTED THE MOTION BASED SOLELY ON APPELLANT'S FAILURE TO FILE A RESPONSIVE MEMORANDUM AND HIS RETENTION OF COUNSEL 5 DAYS BEFORE THE SCHEDULED HEARING.

In the underlying contempt matter, the trial court had an affirmative duty to find Appellant willfully violated a discharge order. *See generally* In re Szenes, 515 B.R. 1, 6, 7 (Bankr. E.D.N.Y. 2014) Furthermore, the trial court in awarding damages legal/counsel fees must find "(1) [Appellant] willfully disobey[ed] a court order, and (2) acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (*Id.* at 7)(citations omitted) Additionally, an award of punitive damages is also available upon a finding "by clear and convincing evidence" that Appellant "had knowledge of the discharge and violated it by continuing with the activity enjoined by the [discharge] injunction" and did so with "either malevolent intent or a clear

9

disregard and disrespect of the bankruptcy laws." (*Id.* at 7-8)(citations omitted) The trial court in the instant matter failed to make any such findings.

Rather than follow proper procedures for finding contempt based on facts and law in this matter, the lower court on June 19, 2018 transferred the burden of proving contempt on Appellant as the non-moving party. Specifically, Judge FitzSimon stated "[Appellant] has all the notice he needed, sat on his rights, and he's now entitled to judgment[?]" (June 19, 2018 Tr. at 7) She made this assertion after concluding a problem exited because there was no responsive pleading filed by Appellant. (*Id.* at 4) Although it certainly was not ideal that Appellant did not file a responsive pleading by the time of hearing, the trial court still had an affiramative duty to determine whether Appellant willfully violated the discharge order and make additional determinations regarding the appropriateness of damages based on the pleadings before it, as appropriate. It did not.

Instead, the trial court created what is in essence contempt by default based solely on factors not related to contempt. Those factors can best be described as Appellant's failure to file a responsive brief in the contempt matter and failure to inform opposing counsel of retention of counsel. The factors did not address whether Appellant took affirmative steps to violate the discharge order. The legal standard created by the lower court in the instant matter is an improper basis for finding contempt under 11 U.S.C. §524.

IV. THE LOWER COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ALLOW APPELLANT TO ARGUE THE SUBSTANTIVE MATTERS OF APPELLEE'S MOTION FOR CONTEMPT OF DISCHARGE ORDER AT THE JUNE 19, 2018 HEARING AND WHEN IT PREVIOUSLY DENIED IN SUBSTANCE APPELLEE'S MOTION FOR CONTEMPT AGAINST APPELLANT WITHOUT PREJUDICE TO [HER] MAKING SOME SUBSEQUENT LEGAL ARGUMENT.

Furthermore, when Appellant via the undersigned attempted to make argument on the substantive issues before it, the lower court denied Appellant the opportunity to make such argument. (June 19, 2018 Tr. at 7-8). Specifically, Appellant attempted to argue the precedential nature of discharging in bankruptcy of child support obligations, which is disallowed by the Commonwealth of Pennsylvania, *inter alia*. (*Id.* at 7-8) The lower court prevented further argument, dismissed the content of the argument, and abruptly and without judicial decorum stated "Counsel, I don't care about the law of Pennsylvania because you didn't give me the opportunity," *inter alia*. (*Id.* at 8-9) The court seemed more concerned about "fairness" to Appellee than the rule of law and its duty to make an affirmative finding of contempt. (*Id.* at 9) At a minimum, the trial court set a threshold Appellee had to meet to find contempt. (*See* Apr. 19, 2018 Tr. at 6, 8-9, 10-12). It made no determination whether Appellee met its burden of proof or addressed the concerns raised by the lower court. Instead, the court found Appellant in contempt for not filing a responsive pleading and for failing to provide a courtesy call to opposing counsel regarding representation. (June 19, 2018 Tr. at 7-10, 11) Out of what appeared to be exasperation, the trial court sought to schedule a hearing for damages against Appellant and entered an order of contempt, specifically preluding any further argument on the underlying finding of contempt. (*Id.* at 11, 12) The trial court never addressed the substantive issues of willful violation of the discharge order, malevolent intent and the like.

Finally, the trial court, in an effort to coordinate bankruptcy proceedings with the parties' child support proceedings, instructed counsel for Appellee to "advise them [Philadelphia Family Court] on May 1st that I have essentially currently denied your motion against Mr. Pearson without prejudice to your making some subsequent legal arguments - - all right – so, that at least from that standpoint, they know that this has not resolved in your favor." (Apr. 19, 2018

11

Tr. at 13-14) The implication here is that the trial court would hold an evidentiary hearing on June 19, 2018, allow for testimony and argument on the contempt issue and make a ruling thereupon. It did none of these things.

## CONCLUSION

WHEREFORE, for the above reasons, Appellant Michael K. Pearson, by and through his undersigned counsel, respectfully request this Honorable Court VACATE the June 19, 2018 contempt order of the Lower Court, remand the matter for further proceedings on the substance of Appellee/Debtor Sharmil D. McKee's Motion for Contempt of Discharge Order, and other such relief as this Court deems appropriate.

Respectfully submitted:

/s/ Karin M. Gunter
Karin M. Gunter, Esquire
Attorney for Appellant, Michael K. Pearson

## CERTIFICATE OF SERVICE

I, Karin M. Gunter, Esquire, do hereby certify that I served a true and correct copy of Brief of Appellant/Creditor Michael K. Pearson was served on counsel for Appellee/Debtor, Glenn A. Brown, Esquire and the Lower Court, the Honorable Jean K. FitzSimon via court's electronic pursuant to Fed. R. Civ. P. 5(b)(2)(E) or first class, U.S. mail postage prepaid:

The Honorable Jean K. FitzSimon  
Robert N.C. Nix Federal Courthouse  
900 Market Street, Suite 203  
Philadelphia, PA 19107

Glenn A. Brown, Esquire  
Real World Law, P.C.  
6778 Market Street  
Upper Darby, PA 19083  
Philadelphia, PA 19102  
       Counsel for Debtor

Date: August 31, 2018

/s/ Karin M. Gunter_____  
Karin M. Gunter, Esquire  
Counsel for Appellant/Creditor, Michael K. Pearson